IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE & TRAINEE PROGRAM FUND, And Their Trustees, | ) ) ) ) ) ) | 07-C-6962 Judge Anderson |
| Plaintiffs, | ) ) ) | Magistrate Judge Nolan |
| v. | ) ) | |
| KNIGHTLY KLINGER INCORPORATED, | ) ) ) | |
| Defendant. | ) | |

## **ANSWER**

Defendant, KNIGHTLY KLINGER INCORPORATED, by its attorney, R. Wm. Maucker, in answer to the Complaint, states as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185.) Jurisdiction is founded on the existence of questions arising thereunder.

ANSWER: Defendant admits the allegations as set forth in this Paragraph 1 of the Complaint.

2. The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO & NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS ("Union"), and

therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

ANSWER: Defendant admits the allegations as set forth in this Paragraph 2 of the Complaint.

3. Defendant, Knightly, is an Illinois Corporation and is in an industry affecting commerce which entered into Agreements which require Defendant to pay fringe benefits to the Trust Funds as therein required.

ANSWER: Defendant admits the allegations as set forth in this Paragraph 3 of the Complaint.

4. Delinquent employers are required to pay, in addition to the amounts determined to be due, reasonable attorneys fees, court costs, audit fees and other reasonable costs incurred in the collection process.

ANSWER: Defendant admits the allegations as set forth in this Paragraph 4 of the Complaint.

5. The Defendant must submit monthly reports listing the hours worked by its carpenter employees ("monthly contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by its carpenter employees.

ANSWER: Defendant admits the allegations as set forth in this Paragraph 5 of the Complaint.

6. The Defendant breached the provisions of the Collective Bargaining Agreement and Trust Agreements by failing to submit reports with complete payments to

the Trust Funds for the months of July 2007 and August 2007. Defendant owes $22,685.27 for these two months.

> ANSWER: Defendant denies the allegations as set forth in this Paragraph 6 of the Complaint.

7. The Defendant also breached the Collective Bargaining Agreement and Trust Agreements by failing to submit reports for the period of September 2007 through the present.

> ANSWER: Defendant admits the allegations as set forth in this Paragraph 7 of the Complaint, but denies the reference to the allegations of Paragraph 6 as a result of the Plaintiff's use of the inclusive form.

8. Plaintiffs have complied with all conditions precedent in bringing this suit.

> ANSWER: Defendant admits the allegations as set forth in this Paragraph 8 of the Complaint.

9. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

> ANSWER: Defendant admits the allegations as set forth in this Paragraph 9 of the Complaint.

10. Defendant are (*sic*) obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

> ANSWER: Defendant admits the language of the statute as set forth in this Paragraph 10 of the Complaint.

11. Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from Defendant.

ANSWER: Defendant admits the language of the statute as set forth in this Paragraph 11 of the Complaint.

12. Pursuant to 29 U.S.C. § 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:
   a. double interest on the unpaid contributions; or,
   b. interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of (*sic*) amount that is due.

ANSWER: Defendant denies the allegations as set forth in this Paragraph 12 of the Complaint, objecting to Plaintiff's characterizing §1132(g)(2)(C) as allowing double interest or interest plus liquidated damages, asserting in effect a duplication of the effect of §1132(g)(2)(B), which when taken together would allow triple interest on any amount owed.

**WHEREFORE,** the Defendant, KIGHTLY KLINGER INCORPORATED prays that Plaintiff's Complaint be dismissed, with prejudice, and for any further relief that this Honorable Court deems just.

KNIGHTLY KLINGER INCORPORATED,

By: s/ R. Wm. Maucker

Robert W. Maucker
Thomas W. Lynch, P.C.
9231 S. Roberts Road
Hickory Hills, Illinois 60457
(708) 598-5999
ARDC #6194247